IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
TUSCANY INTERNATIONAL HOLDINGS                               :   Case No. 14-10193 (KG)
(U.S.A.) LTD., et al.,                                       :
                                                             :   Jointly Administered
            Debtors.[1]                                      :
                                                             :   Obj. Deadline: March 14, 2014 at 4:00 p.m. (ET)
                                                             :   Hearing Date: March 21, 2014 at 10:00 a.m. (ET)
                                                             :
------------------------------------------------------------ x

**DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY
CODE SECTIONS 327(a), 328(a), AND 330 FOR ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF DELOITTE LLP AS
TAX SERVICE PROVIDERS *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") hereby apply to this Court (the "**Application**") for entry of an order pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for an order, in substantially the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ Deloitte LLP, an Ontario, Canada limited liability partnership ("**Deloitte**"), as tax service providers *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the Declaration of Olivier Labelle (the "**Labelle Declaration**"), attached hereto as Exhibit B, and respectfully represent as follows:

---

[1]    The Debtors in these cases are Tuscany International Holdings (U.S.A.) Ltd. and Tuscany International Drilling Inc. The last four digits of Tuscany International Holdings (U.S.A.) Ltd.'s U.S. federal tax identification number are 8192. The last four digits of Tuscany International Drilling Inc.'s Canadian tax identification number are 4278. The address for the Debtors is 1950, 140 – 4 Avenue S.W. Calgary, Alberta, Canada T2P 3N3.

01:14907612.3

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are Bankruptcy Code Sections 327(a), 328(a) and 330, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

2. On February 2, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Declaration of Deryck Helkaa, Chief Restructuring Officer of Tuscany International Drilling Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 2] (the "**Helkaa Declaration**"), filed on the Petition Date and incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in these Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Application, the Debtors seek authority pursuant to Bankruptcy Code Sections 327(a), 328(a) and 330 to employ and retain Deloitte as their tax service provider in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, pursuant to the terms and

conditions set forth in: (i) that certain engagement letter dated June 26, 2012 (the "**Tax Consulting Engagement Letter**"), attached hereto as Exhibit C; and (ii) that certain engagement letter dated February 13, 2014 (the "**U.S. Tax Compliance Engagement Letter**" and, together with the Tax Consulting Engagement Letter, the "**Engagement Letters**"), attached hereto as Exhibit D.

## BASIS FOR RELIEF

5. Bankruptcy Code Section 327(a) provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

6. Bankruptcy Code Section 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provide under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

*Id.* at 328(a).

7. Bankruptcy Rule 2014 provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

01:14907612.3

3

8. As required by Bankruptcy Rule 2014(a), this Application sets forth the following: (a) the specific facts showing the necessity for Deloitte's employment, (b) the reasons for the Debtors' selection of Deloitte as their tax service provider, (c) the professional services to be provided by Deloitte, (d) the arrangement between the Debtors and Deloitte with respect to Deloitte's compensation, and (e) to the best of the Debtors' knowledge, the extent of Deloitte's connections, if any, to certain parties in interest in the Chapter 11 Cases.

A. **Deloitte's Qualifications**

9. The Debtors seeks to retain Deloitte as their tax service provider because of Deloitte's recognized experience and knowledge in performing the tax services described herein. Deloitte's experience in tax matters is widely recognized, and it regularly provides services to large and complex business entities. Moreover, Deloitte has extensive experience in delivering tax advisory services in chapter 11 cases.

10. The Debtors believe that Deloitte is well qualified and able to advise and assist the Debtors in a cost-effective, efficient, and timely manner with respect to tax matters. Indeed, an experienced firm such as Deloitte fulfills an important role that complements the services offered by the Debtors' other restructuring professionals and will not duplicate the Debtors' other professionals' efforts in connection with the Chapter 11 Cases.[2] For these reasons, the Debtors submit that Deloitte's employment is necessary and in the best interests of the Debtors and their estates.

---

[2] By separate application, the Debtors are seeking court approval to employ, among other professionals, FTI Consulting Canada, Inc. as restructuring advisor and GMP Securities, LLC as investment banker. The Debtors believe that the services Deloitte will provide will be complementary rather than duplicative of the services to be performed by the Debtors' other professionals.

01:14907612.3

4

**B.     Scope of Services**

11.     The Debtors anticipate that Deloitte will render tax consulting and compliance services to the Debtors as needed throughout the course of these Chapter 11 Cases from time to time as requested by the Debtors (the "**Services**"). The Services are expected to include, but are not limited to, the following:

- advising the Debtors with respect to tax aspects of asset dispositions;

- the preparation of U.S. tax returns and other statutory filings, as described in detail in the U.S. Tax Compliance Engagement Letter;

- international tax services;

- transfer pricing services; and

- tax provision assistance.

**C.     Terms of Retention**

12.     Pursuant to the Engagement Letters, Deloitte intends to seek compensation on an hourly basis, based on the amount of professional time at the rates set forth below, which vary depending upon the experience level of the professionals involved. The hourly rates of Deloitte's professionals by level are as follows:

| **Level** | **Hourly Fee Rates ($CAD)** |
|---|---|
| Partner | $647.50 |
| Senior Manager | $479.50 |
| Manager | $350.00 |
| Senior | $245.00 |
| Analyst | $175.00 |

13.     In the normal course of business, Deloitte revises its hourly rates to reflect changes in responsibilities, increased experience, geographic differentials and increased costs of

01:14907612.3

5

doing business. Changes in the foregoing rates will be noted on the monthly applications for the first time period in which the revised rates become effective.

14. Certain of the Services listed above will not be performed by Deloitte directly but will be subcontracted by Deloitte to other member firms of Deloitte Touche Tohmatsu Limited with the appropriate subject matter expertise. The following Deloitte member firms other than Deloitte will perform services: Deloitte Brasil Auditores Independentes Ltda (Brazil); Deloitte Asesores y Consultores Ltda (Colombia); Deloitte & Touche Ecuador Cia. Ltda (Ecuador); Deloitte Tax & Consulting Sàrl (Luxembourg). Deloitte's invoices to the Debtors for the Services will include the fees for the Services performed by the other Deloitte member firms. Deloitte will not mark up the fees for Services performed by the other member firms. The hourly rates for these member firms are set forth on <u>Schedule 2</u> to the Olivier Declaration.

15. In addition, Deloitte will seek reimbursement of reasonable out-of-pocket expenses, including travel, report production, delivery services, and other expenses incurred in providing the Services.

16. Deloitte requests that it be permitted to submit monthly invoices for services rendered and expenses incurred in accordance with the terms of the Engagement Letters. Such invoices will contain reasonable detail consistent with any rules and/or administrative orders promulgated by this Court that apply to these Chapter 11 Cases.

17. Pursuant to Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable order of this Court, Deloitte will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with any order of this Bankruptcy Court approving procedures for interim

compensation and reimbursement of expenses, and shall file a final fee application as required by the Local Rules and any order of this Court.

### D. Deloitte's Disinterestedness

18. As set forth in the Labelle Declaration, Deloitte has provided prepetition tax services to the Debtors. In the ninety (90) days prior to the Petition Date, Deloitte received payments totaling $973,746.59 (CAD). As of the Petition Date, Deloitte was not owed any amounts with respect to invoices issued by Deloitte prior to the Petition Date.

### E. Bankruptcy Rule 2014 Disclosure

19. To the best of the Debtors' knowledge, and except as disclosed herein and in the Labelle Declaration, Deloitte has not represented the Debtors' creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Based upon its review of interested parties in these Chapter 11 Cases, Deloitte is a "disinterested person" as that phrase is defined in Bankruptcy Code section 101(14).

20. If Deloitte discovers additional material information that it determines requires disclosure, the Debtors have been advised by Deloitte that it will supplement its disclosures in the Labelle Declaration.

### NOTICE

21. Notice of this Application will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' prepetition secured financing; (c) counsel to the agent for the Debtors' postpetition secured financing; (d) the Internal Revenue Service; (e) the Canada Revenue Agency; (f) the Ontario Securities Commission; (g) the United States Attorney for the District of Delaware; (h) the Attorneys General for the states of California, New Mexico, North Dakota, Oklahoma, and Texas; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; and

(j) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to retain Deloitte as tax service provider *nunc pro tunc* to the Petition Date, and (b) granting such other and further relief as this Court deems appropriate.

Dated: February 28, 2014
      Wilmington, Delaware

TUSCANY INTERNATIONAL DRILLING, INC.

*/s/ Deryck Helkaa*
Deryck Helkaa
Chief Restructuring Officer