# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
TUSCANY INTERNATIONAL HOLDINGS                            :    Case No. 14-10193 (KG)
(U.S.A.) LTD., et al.,                                    :
                                                          :    Jointly Administered
                   Debtors.[1]                            :
---------------------------------------------------------- x

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

On February 2, 2014 (the "*Petition Date*"), the above-captioned debtors and debtors in possession (together, the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (the "*Schedules*") and Statements of Financial Affairs (the "*Statements*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*").

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs (the "*Global Notes*") pertain to, are incorporated by reference in and comprise an integral part of all of each of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to

---

[1] The Debtors in these cases are Tuscany International Holdings (U.S.A.) Ltd. and Tuscany International Drilling Inc. The last four digits of Tuscany International Holdings (U.S.A.) Ltd.'s U.S. federal tax identification number are 8192. The last four digits of Tuscany International Drilling Inc.'s Canadian tax identification number are 4278. The address for the Debtors is 1950, 140 – 4 Avenue S.W. Calgary, Alberta, Canada T2P 3N3.

01:15108249.3

further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

Deryck Helkaa, Chief Restructuring Officer of Tuscany International Drilling Inc., has signed each of the Schedules and Statements.  Mr. Helkaa is an officer or authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Helkaa has relied upon the efforts, statements and representations of various personnel employed by the Debtors.  Mr. Helkaa has not (and could not reasonably have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**.  Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

2. **Description of Cases**.  On the Petition Date, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.  No trustee or examiner has been requested in these chapter 11 cases, and the United States Trustee for the District of Delaware has not appointed an official committee of unsecured creditors.

   As noted in the *Declaration of Deryck Helkaa in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2], Debtor Tuscany International Drilling Inc. ("***TID***") operates the Debtors' Ecuadorian business (the "***Ecuador Branch Office***").  Although the Ecuador Branch Office is a part of TID, its operations are maintained separately from those of TID's Canadian business.  The division between TID's Ecuadorian and Canadian operations is reflected throughout the Schedules and Statements.

3. **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Additionally, because the book values of assets such as intellectual property may materially differ from their fair

market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

4. **Property Rights – Generally**. Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute property to each applicable Debtor, it is possible that property attributed to a particular Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such property rights.

5. **Personal Property – Leased**. In the ordinary course of their businesses, the Debtors may lease furniture, fixtures, and office equipment from certain third-party lessors for use in the daily operation of their business. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

6. **Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

7. **Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under Bankruptcy Code Section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

8. **Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) other members of the Debtors' senior management team; (d) non-Debtor shareholders who hold in excess of 5% of the voting shares of any of the Debtors and (e) relatives and related parties to persons or entities that comprise 8(a) – 8(d).

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. **Classifications**. Listing (i) a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (ii) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the contract or a waiver of the Debtors' rights to object to, challenge the validity of, or recharacterize or reclassify such claims or contracts or to setoff of such claims.

10. **Claims Description**. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

11. **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their filed or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

12. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.  <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.  <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the

        extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c. __Paid Claims__.  The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to various Bankruptcy Court orders.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent that any prepetition obligations have been satisfied postpetition, such obligations are not included in the Debtors' Schedules.  To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

    d. __Liens__.  Property and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

13. __Currency__.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

14. __Setoffs__.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

15. __Global Notes Control__.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

__Schedule B 'as of' Dates__.  Unless indicated otherwise, asset values described in Schedule B are as reflected on the Debtors' February 2, 2014 balance sheet.

__Schedule B2__.  Cash values held in financial accounts are listed on Schedule B2 as of the Petition Date.  For the avoidance of doubt, Schedule B2 does not list accounts held in the names of any non-debtor affiliates.

__Schedule B13__.  Ownership interests in subsidiaries have been listed in Schedule B13 as an undetermined amount on account of the fact that the fair market value of such ownership

interests is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  The Debtors' reported accounts receivable includes amounts that may be uncollectible.  The Debtors are unable to determine with complete certainty what amounts will actually be collected.  Nonetheless, the Debtors believe that approximately $19,545,612 is unlikely to be collected.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group.

**Schedule D**.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Because an administrative agent serves with respect to TID's prepetition secured debt, only the administrative agent is listed as the creditor on Schedule D and not any other parties who may hold a portion of the debt.

**Schedule E**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on February 4, 2014, the Bankruptcy Court entered the *Interim Order (I) Authorizing Payment of Certain Prepetition Workforce Obligations, Including Compensation, Benefits, Expense Reimbursements, and Related Obligations, (II) Confirming Right to Continue Workforce Programs on Postpetition Basis, (III) Authorizing Payment of Withholding and Payroll-Related Taxes, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators of, or Third Party Providers Under, Workforce Programs, and (V) Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments* [Docket No. 51] (the "**Employee Wage and Benefit Order**") and the *Interim Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b)(9), 1107(a) and 1108 and Fed. R. Bankr. P. 6003 Authorizing Payment of Foreign Claims and (II) Pursuant to Fed. R. Bankr. P. 2002(m), 6003 and 9007 Waiving Notice Requirements* [Docket No. 48] (the "**Ecuador Order**"), authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expense and similar benefits.  As a result of the Employee Wage and Benefit Order, the Ecuador Order and/or upon entry of further Bankruptcy Court orders, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such amounts are not listed in the Debtors' Schedules.

01:15108249.3

In addition, the Bankruptcy Court authorized the Debtors to pay certain taxes, including but not limited to sales, use, franchise, income, and payroll taxes, pursuant to the *Order Under 11 U.S.C. §§ 105(a), 363 (b), 506(a), 507(a)(8), and 541 and Fed. R. Bankr. P. 6003 Authorizing Payment of Prepetition Taxes and Fees* [Docket No. 45] (the "**Tax Order**") and the Ecuador Order. The Debtors believe that certain claims on account of such taxes have been or will be satisfied pursuant to the Tax Order and the Ecuador Order, and such amounts are not listed on the Debtors' Schedules.

**Schedule F**. The Debtors have used best reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.

Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The Debtors have made every effort to include as contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. Certain of the contracts and leases listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease, or multiple, severable or separate contracts or leases.

The contracts and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements and title agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights with respect to any agreements that are not included on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Although the Debtors made diligent attempts to attribute an executory contract or unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The amounts listed in Statement 1 reflect the gross revenue for the previous two fiscal years of each Debtor per the Debtors' books and records. The gross revenue through the Petition Date is listed.

**Statement 3b**. Statement 3b includes all disbursements or other transfers made by the Debtors except for those made to insiders (which are listed in response to Statement 23) and bankruptcy professionals (which are listed in response to Statement 9), and ordinary course payroll-related payments and associated withholdings and deductions. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**.  The Debtors have included a comprehensive response to Statement 3c in Statement 23.  See paragraph 8 above for a description of those parties deemed to be "insiders" for purposes of the Debtors' response to Statement Question 3c and 23.

**Statement 9**.  Payments related to debt counseling or bankruptcy appear only in the response to Statement 9 of TID.  Additionally, several of the professionals listed on Statement 9 were providing services to the Debtors beyond debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy, and as such the fees listed may include amounts not associated with the bankruptcy process.

**Statement 10**.  Certain sales listed in response to Statement Question 10 may constitute ordinary course transactions; however, such sales are listed in response to Statement Question 10 out of an abundance of caution.  The Debtors reserve their rights with respect to the classification of such sales as ordinary course transactions.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 23**.  For the avoidance of doubt, payments made to affiliate entities are not included in Statement 23.

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
### District of Delaware

In re  **Tuscany International Holdings (U.S.A) Ltd.**,  
Debtor

Case No. **14-10193**

Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 81,313.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 9 | | | |
| | | Total Assets | 81,313.00 | | |
| | | | Total Liabilities | 0.00 | |

B6A (Official Form 6A) (12/07)

In re **Tuscany International Holdings (U.S.A) Ltd.**, Case No. **14-10193**
　　　　　　　　　　　　　　　　　Debtor

# SCHEDULE A - REAL PROPERTY

　　Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

　　**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

　　If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |
| | | Sub-Total > | **0.00** | (Total of this page) |
| | | Total > | **0.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re **Tuscany International Holdings (U.S.A) Ltd.**,   Case No. **14-10193**
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                            Sub-Total >     **0.00**
                                                         (Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Tuscany International Holdings (U.S.A) Ltd.**, Case No. **14-10193**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | **Warrior Rig Limited Partnership** | **-** | **79,313.00** |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >   **79,313.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Tuscany International Holdings (U.S.A) Ltd.**, Case No. **14-10193**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Office Equipment & Furnishings - Tuscany Houston Office**<br>**5825 N Sam Houston PKWY W STE 210**<br>**Houston, TX 77086-1548** | - | **2,000.00** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > (Total of this page) | **2,000.00** |
| Total > | **81,313.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re **Tuscany International Holdings (U.S.A) Ltd.**,                    Case No. __**14-10193**__
                                      Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community — H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | | |
| | | | Total (Report on Summary of Schedules) | | | | 0.00 | 0.00 |

B6E (Official Form 6E) (4/13)

.

In re **Tuscany International Holdings (U.S.A) Ltd.**            , Case No. **14-10193**
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

  A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

  Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

  Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

  Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

  Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

           **0**      continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **Tuscany International Holdings (U.S.A) Ltd.**,    Case No. __**14-10193**__
                               Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__ continuation sheets attached

Subtotal (Total of this page)

Total (Report on Summary of Schedules)    **0.00**

B6G (Official Form 6G) (12/07)

In re **Tuscany International Holdings (U.S.A) Ltd.**,    Case No. **14-10193**
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Sigit Automation Corp. USA**<br>**5825 N. Sam Houston Parkway West**<br>**Suite 220**<br>**Houston, TX 77086** | **Commercial Sub Lease - Tuscany still maintains a lease on office space in Houston where an office was once located** |

**0**
____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re  **Tuscany International Holdings (U.S.A) Ltd.**          ,          Case No.   **14-10193**
                                 Debtor

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re   **Tuscany International Holdings (U.S.A) Ltd.**                         Case No.   **14-10193**
                                        Debtor(s)                               Chapter    **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 10, 2014**              Signature  _____
                                                 Deryck Helkaa
                                                 Chief Restructuring Officer

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.